UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE SARMIENTO, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> RUBY MARQUEZ, et al., <br><br>  Defendants. | Case No. 21-cv-06712-PJH <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. Nos. 40, 41 |

Defendants' motion to dismiss plaintiffs' first amended complaint ("FAC") came on for hearing before this court on July 7, 2022. Defendants appeared through their counsel, Aerin Murphy. Plaintiffs failed to appear.[1] Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion for the following reasons.

## BACKGROUND

**A.  Factual History**

Plaintiffs Danielle Sarmiento and Michael Sanchez allege they were foster parents of a foster child who was placed with them by the Family and Children's Services Division ("FCS") of the Human Services Department ("Department") for the County of Santa Cruz ("County"). Dkt. 25 ("FAC"), ¶ 21. Plaintiffs allege that in May 2019 they were in the process of adopting their foster child when their case was transferred to a social worker,

---

[1] Plaintiffs' counsel had knowledge of the hearing date and time, court staff called and emailed counsel at the start of the hearing, and the court delayed the start of the hearing to accommodate plaintiffs' appearance. As of the date of this order, plaintiffs' counsel has not provided an explanation for his non-appearance at the hearing.

Luz Sanclemente. Id. During the adoption process, Sanclemente allegedly asked Sarmiento whether she believed in God and whether she believed in Jesus Christ. Id. ¶ 22. Sarmiento allegedly objected to the religious questioning from a government employee. Id. Plaintiffs allege that, in retaliation for not appearing to be Christians, FCS decided to place the foster child with another family. Id.

Plaintiffs allegedly went on to file grievances and petitions to prevent the removal of the foster child from their home. Briefly, plaintiffs allege they filed a formal grievance with the Department challenging Sanclemente's religious questioning and FCS's removal decision. Id. ¶ 24. In June 2019, plaintiffs allegedly filed a petition with the juvenile court seeking *de facto* parent status and greater procedural due process rights. Id. ¶ 25. On August 14, 2019, plaintiffs allegedly filed a petition with the juvenile court pursuant to California Welfare and Institutions Code § 388 challenging the Department's placement decision. Id. ¶ 45; Dkt. 47 at 9. On August 18, 2019, Hearing Officer Keith Bostick allegedly ruled that it was in the foster child's best interest to remain in plaintiffs' care. Dkt. 25, ¶ 43. On August 19, 2019, Department Director Ellen M. Timberlake allegedly overruled Bostick's decision and ordered the foster child be removed from plaintiffs' care. Id. On October 7, 2019, after a twelve-day trial, the juvenile court allegedly found in plaintiffs' favor "on virtually each and every legal issue" and effectively vacated the Department's placement decision. Id. ¶ 99.

Sanclemente's alleged questioning of Sarmiento's religious beliefs is the heart of plaintiffs' forty-two-page FAC. The court need not recite all of plaintiffs' allegations, as they are numerous and are often unintelligible. To summarize, plaintiffs allege that defendants committed a series of improper acts to prevent plaintiffs from adopting their foster child. For example, plaintiffs allege that County Counsel Nancy de la Peña engaged in *ex parte* communications with the juvenile court "in effort to discourage the court" from considering plaintiffs' de facto parent status application. Id. ¶ 27. Plaintiffs further allege that Timberlake, along with County Counsel Shannon Sullivan and Ruby Marquez, improperly destroyed an audio transcript that contained evidence favorable to

plaintiffs.  Id. ¶ 49.  Plaintiffs also allege that Sullivan intentionally filed an untimely opposition to prevent plaintiffs' counsel from adequately preparing for a grievance hearing.  Id. ¶ 32.  Notably, nowhere in the 156 paragraphs of allegations do plaintiffs refer to any conduct resulting in the removal of their foster child from their home.

The nine defendants named in the FAC are Ruby Marquez, Shannon Sullivan, Nancy de la Peña, Ellen M. Timberlake, Keith Bostick, Luz Sanclemente, Carol Crisman, Stephanie Vikati, and the County of Santa Cruz.  Id. ¶¶ 9–17.  Plaintiffs allege defendants Marquez, Sullivan, and de la Peña were attorneys with the County Counsel's Office.  Id. ¶¶ 9–11.  Plaintiffs allege defendant Timberlake was a director with FCS and defendant Bostick was a hearing officer with FCS.[2]  Id. ¶¶ 12–13, 35.  Plaintiffs allege defendants Sanclemente, Crisman, and Vikati were social workers with FCS.  Id. ¶¶ 14–16.

Plaintiffs assert eight causes of action against all defendants: (1) religious discrimination; (2) violation of civil rights under 42 U.S.C. §§ 1983 and 1985; (3) Monell-related claims; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) Unfair Business Practices under California's Business and Professions Code § 17200, et seq. ("UCL"); (7) violation of California civil rights under Civil Code §§ 43, 51.7, 52, 52.1, et al.; and (8) for injunctive and declaratory relief.  Dkt. 25 at 32–40.

**B.   Procedural History**

Plaintiffs filed this complaint on August 30, 2021, and their case was assigned to Magistrate Judge Cousins the same day.  Dkt. 1, 4.  On August 31, 2021, plaintiffs were instructed to file a summons with the name and addresses of the defendants who must be served.  Dkt. 4.  Plaintiffs did not respond to multiple requests from the clerk's office and the court regarding proof of service.  Dkt. 8.  On November 30, 2021, the court ordered plaintiffs to file proof of service by December 29, 2021, or else it would dismiss the case without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

---

[2] Notwithstanding paragraph 13 of the FAC, the parties state defendant Bostick was a hearing officer with FCS at the time the incidents in the FAC occurred.

1  and specifically warned that a continued failure to serve could result in a dismissal for
2  failure to prosecute and for failure to comply with court orders. Id. Plaintiffs failed to
3  respond. Dkt. 9. On January 4, 2022, Judge Cousins issued an order requesting
4  reassignment of the case to a district court with a recommendation to dismiss without
5  prejudice for failure to serve defendants under Rule 4(m) and for failure to prosecute. Id.
6  at 2. The case was assigned to this court on January 4, 2022. Dkt. 11. On January 7,
7  2022, the court ordered plaintiffs to serve defendants by January 21, 2022. Dkt. 18. On
8  January 28, 2022, the court granted plaintiffs' late request to extend the deadline for
9  service until February 4, 2022. Dkt. 21.

10  On February 9, 2022, plaintiffs filed their FAC, also late. Dkt. 25. On March 1,
11  2022, plaintiffs filed their certifications of service. Dkt. 26–34. Plaintiffs' counsel declared
12  that on February 9, 2022, he personally delivered a copy of the FAC and the summons to
13  the Office of the Clerk of the Board for the County for all defendants. Id. During a case
14  management conference held on March 17, 2022, the parties informed the court that
15  plaintiffs had only properly served the County of Santa Cruz. Dkt. 39. Counsel for the
16  County informed the court that she had no authority to accept service on behalf of the
17  individual defendants. Id. The court extended plaintiffs' service deadline by thirty days to
18  serve the remaining defendants. Id. No proof of service was filed by April 17, 2022.

19  On May 2, 2022, defendants Marquez, Sullivan, de la Peña, Timberlake, Crisman,
20  Vikati, and the County of Santa Cruz (collectively, "defendants") moved to dismiss
21  plaintiffs' FAC in its entirety pursuant to, among other things, Rules 8(a)(2) and 12(b)(6)
22  of the Federal Rules of Civil Procedure. Dkt. 41 at 8. In support of their motion to
23  dismiss, defendants request that the court take judicial notice of certain state court and
24  administrative documents. Dkt. 40-3. Defendants also seek to seal those documents.
25  Dkt. 40. And during the July 7, 2022, hearing, defendants' counsel advised that the
26  moving defendants had been served but that defendants Sanclemente and Bostick had
27  still not been served and requested that the court dismiss defendants Sanclemente and
28  Bostick with prejudice for plaintiffs' continued failure to serve them. Dkt. 51.

**DISCUSSION**

**A.    Legal Standards**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While "detailed factual allegations are not required," a complaint must include sufficient facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A motion to dismiss a complaint under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in a complaint.  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-movant. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996).

A court's review is generally limited to the contents of the complaint, although the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal quotation marks and alteration omitted).  The court may also consider matters that are properly the subject of judicial notice, Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001), and documents referenced extensively in the complaint and documents that form the basis of plaintiffs' claims, No. 84 Emp'r-Teamster Jt. Council Pension Tr.

Fund v. Am. W. Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot "be saved by any amendment." Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005) (internal quotation marks omitted). "Leave to amend may also be denied for repeated failure to cure deficiencies by previous amendment." Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742 (9th Cir. 2008).

**B.     Analysis**

    **1.     Motion to Dismiss Pursuant to Rule 8(a)(2)**

Defendants move to dismiss plaintiffs' FAC pursuant to Rule 8(a)(2). Dkt. 41 at 10. Defendants argue that the FAC is lengthy, vague, and fails to provide notice. Id. Plaintiffs, on the other hand, argue the court abuses its discretion when it dismisses a lengthy complaint rather than imposing a less drastic alternative, "such as striking surplusage." Dkt. 47 at 27.

Plaintiffs' FAC fails to meet Rule 8 pleading standards for multiple reasons. First, a complaint violates Rule 8 "when a pleading says too much." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013); Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity"). Plaintiffs' FAC is lengthy, with allegations spread out over 156 paragraphs and forty-two pages, and plaintiffs' desire to say "too much" renders many of their allegations unintelligible and incomprehensible. For example, plaintiffs allege the following under their UCL claim:

> Defendants' conduct was fraudulent in that it constituted fraudulent concealment of material facts, including the fact that Defendants may choose not to comply with federal or state law, and/or to comply with court order(s), and/or to deny Plaintiffs, and others, the right to a fair administrative hearing, and/or to a fair trial, among other wrongful conduct. Defendants further breached of the covenant of good faith and fair dealing inherent in Plaintiffs' foster parent agreement with the County. Such fraudulent concealment gives rise to the causes of action in this Complaint.

Dkt. 25 ¶ 134. The court is at a loss as to what plaintiffs are saying in this paragraph,

and, contrary to plaintiffs' assertions, the court is under no obligation to clarify these allegations for plaintiffs by striking the surplusage. Indeed, the court would be hard pressed to lend any clarity to a statement that appears to accuse all defendants of past fraudulent behavior for something that defendants may choose to not do in the future. The FAC is precisely the type of "[p]rolix, confusing" pleading that imposes "unfair burdens on litigants and judges" and justifies dismissal under Rule 8. McHenry v. Renne, 84 F.3d 1172, 1179–80 (9th Cir. 1996). Moreover, and even though not argued by defendants, the excerpted "word salad" clearly violates Rule 9's requirement that allegations of fraud be pled with particularity.

Second, the FAC fails to put any single individual or entity on notice. Allegations must "provide sufficient notice to all of the Defendants as to the nature of the claims being asserted against them," including "what conduct is at issue." Villalpando v. Exel Direct Inc., No. 12-CV-04137 JCS, 2014 WL 1338297, at *5 (N.D. Cal. Mar. 28, 2014). Generally, a complaint's "failure to allege what role each Defendant played in the alleged harm makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations." In re iPhone Application Litig., No. 11-MD-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011). Here, plaintiffs assert all claims against all defendants without distinguishing the conduct of any single individual or entity. For example, plaintiffs assert a Monell claim against all defendants (including the individual defendants) when a Monell claim can only be asserted against a municipality or public entity, and plaintiffs assert a § 1983 claim against all defendants (including the County) when a § 1983 claim can only be asserted against individuals. A complaint that "lumps together multiple defendants in one broad allegation fails to satisfy the notice requirement of Rule 8(a)(2)." Adobe Sys. Inc. v. Blue Source Grp., Inc., 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (internal quotation marks and alterations omitted). As it is written, the FAC creates an unfair burden on defendants "just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated." Cafasso, 637 F.3d at 1059.

1    Third, plaintiffs fail to support their claims with factual allegations. While "[s]pecific
2    facts are not necessary," a complaint's allegations must "give the defendant fair notice of
3    what the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89,
4    93 (2007) (internal quotation marks and alterations omitted). A complaint that "offers
5    labels and conclusions or a formulaic recitation of the elements of a cause of action will
6    not" meet Rule 8 standards. Iqbal, 556 U.S. at 678 (internal quotation marks and
7    alterations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid
8    of further factual enhancement." Id. (internal quotation marks and alterations omitted).
9    To be sure, the FAC contains many facts. There are over one hundred paragraphs
10   describing the in-home contact with a social worker, followed by grievances, petitions,
11   administrative proceedings, a trial, writ proceedings and appeals. But what the FAC does
12   not contain is a nexus between the multitude of facts and the particular causes of action
13   asserted. Plaintiffs merely incorporate "each and every allegation contained in
14   paragraphs 1 through the immediately-preceding paragraph" for every cause of action.
15   Dkt. 25 ¶¶ 103, 108, 112, 121, 125, 130, 139, 147. At no time do plaintiffs differentiate
16   which allegations support which cause of action, nor do they explain how the described
17   conduct amounts to a violation. Plaintiffs fail to provide even a formulaic recitation of the
18   elements of their causes of action. It is not the court's job to guess what conduct
19   plaintiffs believe amounts to a violation or which defendant committed the violation.
20   Accordingly, defendants' motion to dismiss pursuant to Rule 8(a) is GRANTED.

21   **2.    Motion to Dismiss Pursuant to Rule 12(b)(6)**

22   Defendants seek to dismiss plaintiffs' FAC under Rule 12(b)(6) pursuant to various
23   judicial abstention doctrines, the state anti-SLAPP statute, and other state privileges and
24   immunities. As the court explained during the hearing on this motion, it is not entirely
25   convinced by defendants' arguments supporting the broad application of California's
26   litigation privileges and immunities. The court, however, believes some of the abstention
27   doctrines, particularly the Younger abstention, could apply to this case. Indeed, the court
28   is cognizant that plaintiffs either have concluded or are concurrently engaged in state

proceedings concerning this matter involving their foster child.  The court acknowledges that defendants' application of the doctrines and immunities was greatly hindered by the FAC's vague, conclusory, and unintelligible allegations.  Nonetheless, without a clear understanding of the causes of action, the court cannot adequately assess the applicability of the doctrines and immunities.  As such, the court will reconsider these arguments in response to a subsequently filed complaint.  Accordingly, defendants' motion to dismiss pursuant to Rule 12(b)(6) is DENIED WITHOUT PREJUDICE.

### 3. Leave to Amend

In their opposition brief plaintiffs requested leave to amend their FAC should the court grant the motion to dismiss.  Dkt. 47 at 28.  A court should "freely give leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend "is not to be granted automatically," however, and given plaintiffs' failure to appear at the hearing, the court is unaware of what amendments are contemplated.  In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013) (internal quotation marks omitted).

However, because there is no evidence of undue delay, bad faith, repeated failures to cure deficiencies of the pleading or undue prejudice, and because futility is difficult to judge at this juncture, the court GRANTS plaintiffs' request for leave to amend.  See Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).  In so doing, the court stresses the need for an economy of words and more clarity.  Plaintiffs are ordered, for every cause of action, to (1) set forth what right has been violated, (2) name the defendant or defendants who have committed the violation, (3) recite the elements for each violation, (4) describe the specific conduct that amounts to a violation, that is, conduct that meets those elements.  The court has only rarely dismissed a complaint with prejudice under Rule 8, but warns plaintiffs that it will dismiss a second amended complaint that is as prolix and confusing as the FAC.

### 4. Service of Process

At the hearing, defendants' counsel requested dismissal of defendants Bostick and Sanclemente with prejudice.  Plaintiffs' counsel did not attend the hearing and thus did

9

not respond.

"The district court has the inherent power sua sponte to dismiss a case for lack of prosecution." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). "Without a question, a plaintiff's failure to serve process in a timely manner may in some cases amount to a failure to prosecute," and a district court "may dismiss an action on this ground" pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Nealey v. Transportacion Maritima Mexicana, S. A., 662 F.2d 1275, 1278 (9th Cir. 1980). The court should provide notice to a plaintiff prior to dismissal. Malone v. U.S. Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987) ("Failure to warn has frequently been a contributing factor in our decisions to reverse orders of dismissals."). But a "plaintiff can hardly be surprised by a harsh sanction in response to willful violation of a pretrial order." Id.

A Rule 41(b) dismissal must be supported by unreasonable delay, and the district court must consider the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (internal quotation marks omitted). A district court's order of dismissal will be upheld "where at least four factors support dismissal, or where at least three factors strongly support dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks and alterations omitted). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors . . . ." Id. (internal quotation marks omitted).

All five factors favor dismissal with prejudice for failure to prosecute or obey a court order. First, the public interest for expeditious resolution of litigation "always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (internal quotation marks omitted). It does not appear that plaintiffs served the original complaint to any defendant, and plaintiffs failed to properly serve defendants Bostick and Sanclemente with the FAC despite filing it five months ago and receiving multiple court orders

1  mandating service of all defendants.  Such delays favor dismissal.  See Id. ("Given
2  [plaintiff's] failure to pursue the case for almost four months, this factor weighs in favor of
3  dismissal.").

4  Second, this court has a need to manage its docket.  The court has granted
5  multiple requests from plaintiffs to extend the deadline of service, the most recent
6  providing a deadline of April 17, 2022.  Dkt. 39.  Plaintiffs failed to file any certificates of
7  service by that deadline or after.  The court only learned of the service of defendants
8  Marquez, Sullivan, de la Peña, Timberlake, Crisman, and Vikati through defendants'
9  counsel at the July 7, 2022, hearing.  Thus, this factor favors dismissal as well.

10  Third, there is a rebuttable presumption of prejudice.  A "presumption of prejudice
11  arises from a plaintiff's unexplained failure to prosecute."  Laurino v. Syringa Gen. Hosp.,
12  279 F.3d 750, 753 (9th Cir. 2002).  Plaintiffs have not responded to the court's March 17,
13  2022, order to show proof of service by April 17, 2022, and plaintiffs' counsel failed to
14  appear at this court's July 7, 2022, hearing.  As such, this factor favors dismissal.

15  Fourth, although public policy favors resolutions on the merits, "a case that is
16  stalled or unreasonably delayed by a party's failure to comply with deadlines and
17  discovery obligations cannot move forward toward resolution on the merits."  In re
18  Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006).
19  Plaintiffs' inability or refusal to comply with court orders has stalled this case.  Plaintiffs
20  first filed their complaint on August 2021, and this court is still entertaining filings about
21  service of process eleven months later when this case should have progressed towards
22  discovery.  Thus, this factor favors dismissal.

23  Fifth, the court has utilized less drastic measures such as granting extensions and
24  providing warnings to no avail.  On November 30, 2021, the magistrate judge specifically
25  ordered plaintiffs to show evidence of service by December 29, 2021 or risk dismissal for
26  failure to prosecute.  Dkt. 8.  Plaintiffs did not comply.  On January 7, 2022, this court
27  directed plaintiffs to serve defendants no later than January 21, 2022.  Dkt. 18 at 2.
28  Plaintiffs did not comply.  The court again extended the deadline to February 4, 2022.

11

Dkt. 21 at 2.  Plaintiffs did not comply.  On March 17, 2022, the court again extended plaintiffs' service of process deadline by thirty days.  Dkt. 39.  Plaintiffs did not comply.  This court does not believe an additional order will result in plaintiffs' compliance.

Because all factors favor dismissal, the court GRANTS defendants' request to dismiss defendants Sanclemente and Bostick from this action with prejudice.

**REQUEST FOR JUDICIAL NOTICE**

Defendants request judicial notice of some documents from plaintiffs' state proceedings, Exhibits A through H.  Dkt. 40-3 at 2.  Plaintiffs summarily object.  Dkt. 47 at 17.

Federal Rule of Evidence 201 permits a court to notice a fact if it is "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2).  Matters of public record may also be judicially noticed, although disputed facts contained in those records may not.  See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018).  And a court may judicially notice court documents that are already in the public record or have been filed in other courts.  See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002).

Exhibits A through H are state filings from other courts and are thus judicially noticeable.  Accordingly, the court GRANTS defendants' request for judicial notice.

**MOTION TO SEAL**

Defendants seek to seal Exhibits A through H in their entirety.  Dkt. 40.  Plaintiffs oppose, arguing defendants failed to comply with local rules 7-11(a), 79-5(a), and 79-5(c).  Dkt. 42.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents."  Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted).  Access to motions and their attachments that are "more than tangentially

1  related to the merits of a case" may be sealed only upon a showing of "compelling
2  reasons" for sealing.  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101–
3  102 (9th Cir. 2016).  To overcome the strong presumption in favor of access, the moving
4  party must "articulate compelling reasons supported by specific factual findings that
5  outweigh the general history of access and the public policies favoring disclosure, such
6  as the public interest in understanding the judicial process."  Kamakana, 447 F.3d at
7  1178–79 (internal quotation marks omitted).

8        Exhibits A through H are filings from state proceedings related to the familial
9  placement of a minor child.  California Welfare and Institutions Code § 827 protects
10 access to, and the use of, child dependency records.  See Cal. Welf. & Inst. Code §
11 827(a)(1) ("Except as provided in Section 828, a case file may be inspected only by the
12 following: . . . (A) Court personnel . . . (B) The district attorney, a city attorney, or city
13 prosecutor authorized to prosecute criminal or juvenile cases under state law . . . .").
14 Given § 827's confidentiality requirement, the court finds a compelling reason to seal the
15 exhibits.  See Montanocordoba v. Contra Costa Cnty., No. 18-CV-05682-PJH, 2021 WL
16 810261 (N.D. Cal. Mar. 3, 2021) (sealing documents protected under § 827); Kleinman v.
17 Soc. Servs. Agency - Alameda Cnty., No. 16-CV-06961-JSC, 2020 WL 1031900, at *2
18 (N.D. Cal. Mar. 3, 2020) (same); Prasad v. Simmons, No. 15-CV-04933-BLF, 2019 WL
19 294760, at *2 (N.D. Cal. Jan. 23, 2019) (same); Ray v. Basa, No. C 11-2923 YGR (PR),
20 2014 WL 2569040, at *2 (N.D. Cal. May 7, 2014) (same).

21       As previously stated, this court routinely seals documents involving minors, and
22 therefore finds defendants' showing sufficient.  Additionally, in view of the nature of the
23 exhibits, the court finds that sealing of the state court records in their entirety is
24 sufficiently narrowly tailored and obviates the need for listing in table format as required
25 by L.R. 79-5(c).  Further, given that the motion to seal was filed in conjunction with the
26 motion to dismiss and that plaintiffs had an opportunity to, and did in fact, oppose the
27 motion, the court excuses defendants' omission of a stipulation or declaration as required
28 by L.R. 7-11(a).  Accordingly, defendants' motion to seal is GRANTED.

**CONCLUSION**

For the reasons stated above, the court GRANTS the motion to dismiss and dismisses plaintiffs' FAC with leave to amend no later than 28 days of the date of this order. No additional parties or claims may be added without leave of court or stipulation of defendants. The court dismisses defendants Sanclemente and Bostick with prejudice. Defendants' request for judicial notice is GRANTED and their motion to seal is GRANTED.

**IT IS SO ORDERED.**

Dated: July 25, 2022

                                  /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge